In the Matter of the Claim of ANNELIESE CARUSO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GREENBLOTT, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 5, 1969, ruling claimant ineligible for benefits effective October 21, 1968 on the ground that she was not available for employment (Labor Law, § 591, subd. 2). Whether a person is available for employment during a specific period is a question of fact, and the board's determination, if rendered upon substantial evidence, must be upheld (*Matter of Bennett [Catherwood]*, 33 A D 2d 946). There is ample evidence to support the finding of the board that appellant voluntarily left her full-time job in New York City to live with her husband in Connecticut; that " She did not wish to work five days a week in New York City because her home in Connecticut was about 106 miles away "; that she "tried to get work * * * in New York City two days a week * * * on Thursday and Friday"; that she "made meager and sporadic efforts to find employment in Connecticut between October 21, 1968 and May 8, 1969 ". Decision affirmed, without costs. Reynolds, J. P., Aulisi, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.

ANTHONY F. SALIMONE, JR., et al., Respondents, v. PATSY AMENDOLA et al., Appellants.— Motion for reargument granted, without costs, and upon reargument, decision dated March 25, 1970 (34 A D 2d 610) amended to provide "Judgment reversed, on the law and the facts, without costs, and a r  trial, limited to the issue of damages, ordered unless respondents, within .v days from the date of service of a copy of the order to be entered herein, shall stipulate to reduce the verdict to $10,000, with interest thereon, from September 14, 1964, in which event, the judgment, as modified, is affirmed." Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.

DELAWARE AND HUDSON RAILROAD CORP., Respondent, v. ADIRONDACK FARMERS CO-OPERATIVE EXCHANGE INC., Appellant.— Motion granted, without costs. Decision dated January 26, 1970 (33 A D 2d 962) amended to provide " Judgment and orders reversed, on the law, without costs; motion granted and a new trial ordered, limited to the issue of the reasonable good faith of the settlement entered into between plaintiff and its employee." Order entered April 21, 1970 resettled to provide " Ordered that the judgment and orders be and hereby are reversed on the law, without costs; motion granted and a new trial ordered, limited to the issue of the reasonable good faith of the settlement entered into between plaintiff and its employee. The findings of fact below have been affirmed." Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur.